IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| STEVE WHITLOW, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 04-3211 |
| | ) | |
| TIMOTHY MARTIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendants Timothy Martin, Michael R. Stout, and Scott Doubet's Motion to Dismiss Amended Complaint (d/e 35). The Amended Complaint adds a Count II in which Plaintiff Hank Priester alleges that Defendants Martin and Doubet retaliated against him for exercising his First Amendment rights by bringing the initial Complaint. Amended Complaint (d/e 32). At this point, the Court cannot say that Priester will be unable to prove a set of facts that will entitle him to relief. The Court, therefore, denies the Motion.

## STATEMENT OF FACTS

Priester and the other sixteen Plaintiffs alleged in the original

1

Complaint that the Defendants violated the Plaintiffs' First Amendment rights by discharging them from their state employment as part of a scheme to fire supporters of the political opponents of Illinois Governor Rod Blagojevich. The Plaintiffs, including Priester, allege that they formerly worked for the Illinois Department of Transportation (IDOT). <u>Complaint (d/e 1)</u>, ¶1. According to the Plaintiffs, Defendant Martin is the Illinois Secretary of Transportation; Defendant Stout was a contractual employee who reported to the Office of Governor and has subsequently been appointed as a Deputy Director of IDOT; and Defendant Doubet is the IDOT Bureau Chief of Personnel Management. <u>Id.</u>, ¶¶ 2-4.

Governor Rod Blagojevich, a Democrat, was elected in November 2002. The Office of Governor in Illinois had been held by Republicans from 1977 until Blagojevich took office in 2003. The Plaintiffs allege that Governor Blagojevich publicly announced plans to fire employees associated with high-ranking members of the prior Republican administration on allegations that they participated in personnel transactions that would protect their continued employment. According to the Plaintiffs, Governor Blagojevich hired individuals, including Defendant Stout, to identify state employees that could be targeted for firing because those employees had

been affiliated with Blagojevich's Republican predecessor, former Governor George Ryan.  <u>Id.</u>,¶¶ 15-17.

The Plaintiffs allege that Governor Blagojevich, the Defendants and others, participated in a scheme to terminate state employees perceived to be political opponents of the new administration and also to create job openings for political supporters of Governor Blagojevich.  The Plaintiffs allege that the Defendants fired them from their employment with the Illinois Department of Transportation (IDOT) as part of this scheme.  The Plaintiffs claim that these firings violated their First Amendment rights.  <u>Id.</u>, ¶¶ 18-19.

Plaintiff Priester alleges in the Amended Complaint that on October 5, 2005, and again on January 13, 2006, IDOT posted notices for vacancies for positions for which he was qualified.  He alleges that the Defendants refused to allow his application to be considered for these two positions.  According to Priester, Defendants refused to consider Priester's application pursuant to procedures or policies instituted by Defendant Martin.  <u>Amended Complaint</u>, ¶¶ 2, 3, 11.  The Amended Complaint includes copies of the notices for the two job vacancies.  Both notices state that the applications are limited to current permanent IDOT employees only.  <u>Id.</u>,

3

Exhibits A, D.  Priester alleges that the Defendants used this policy or procedure to exclude him from consideration for the positions in order to retaliate against him for exercising his First Amendment rights by filing the original Complaint.  <u>Id.</u>, ¶¶ 11-18.  The Defendants now move to dismiss Priester's retaliation claim.

## ANALYSIS

For purposes of this Motion, the Court must accept as true all of Priester's well-pleaded factual allegations and draw all inferences in the light most favorable to Priester.  <u>Hager v. City of West Peoria</u>, 84 F.3d 865, 868-69 (7th Cir. 1996); <u>Covington Court, Ltd. v. Village of Oak Brook</u>, 77 F.3d 177, 178 (7th Cir. 1996).  Priester's Amended Complaint should not be dismissed unless it appears beyond doubt that he can prove no set of facts that would entitle him to relief.  <u>Doherty v. City of Chicago</u>, 75 F.3d 318, 322 (7th Cir. 1996).  When read in the light most favorable to Priester, Count II in the First Amended Complaint states a claim.

Priester's retaliation claim is analyzed as a First Amendment speech claim.  <u>Zorzi v. County of Putnam</u>, 30 F.3d 885, 896 (7th Cir. 1994).  To state a claim, Priester must allege that he spoke out on a matter of public concern and that the Defendants retaliated against him for exercising his

First Amendment rights. Id. The Court must consider the form, content and context of Priester's speech in order to determine whether he spoke as a citizen on a matter of public concern. Connick v. Myers, 461 U.S. 138, 148 (1983). In this case, Priester and the sixteen other Plaintiffs alleged in the original Complaint that: (1) Governor Blagojevich consciously instituted a scheme throughout state government to fire state employees who supported his political opponents in violation of those state employees' First Amendment rights; (2) the Defendants participated in that scheme; and (3) the Defendants violated the Plaintiffs' First Amendment rights by firing them as part of the government-wide scheme. These allegations, if true, disclose systemic and pervasive misconduct that is clearly a matter of concern to the general public. Firing state employees because of their political affiliations, except in certain circumstances, violates the employees' First Amendment rights. Branti v. Finkel, 445 U.S. 507, 517 (1980); Elrod v. Burns, 427 U.S. 347, 359-60 (1976). Filing a suit that raises such broad issues of alleged systemic misconduct constitutes speech on a matter of public concern protected by the First Amendment. Zorzi, 30 F.3d at 897-98.

The Defendants argue that the original Complaint did not involve

matters of public concern because Priester was only motivated by his personal interest in reinstatement. The Defendants cite this Court's unpublished opinion in Downey v. Ivemeyer as support for this argument. Downey, 2006 WL 481650 (C.D.Ill. 2006). The plaintiff in Downey, like Priester and the plaintiff in Zorzi, alleged in his original claim that he was fired because of his political affiliation, but unlike Priester and the plaintiff in Zorzi, Downey did not raise broader issues of systemic misconduct. As such, Downey's original claim only concerned his personal employment situation and so was a "run-of-the-mine single-plaintiff discrimination case" that did not "seek relief against pervasive or systemic misconduct by a public agency or public officials." Yatvin v. Madison Metropolitan School Dist., 840 F.2d 412, 420 (7th Cir. 1988). The Seventh Circuit, however, determined in Zorzi that because the original complaint raised broader issues, the plaintiff was speaking of a matter of public concern even if she was motivated by a personal desire to regain her lost employment. Zorzi, 30 F.3d at 897-98. Since Priester also raised broader concerns, his allegations in the original Complaint constituted speech on matters of public concern protected by the First Amendment.

      The Defendants also argue that Priester fails to allege that they

6

retaliated against him because the employment notices at issue limited applications to current IDOT employees. Therefore, the Defendants argue that they did not take any actions to retaliate against him by refusing to consider his applications. The Amended Complaint, however, alleges that the Defendants' refusal to consider his application was part of Defendant Martin's policies or procedures designed to exclude Priester and any other Plaintiffs from possible employment in retaliation for filing this action. At this point, the Court must assume these allegations are true. As such, Priester alleges a First Amendment retaliation claim. <u>Zorzi</u>, 30 F.3d at 898.

THEREFORE, the State Officials' Motion to Dismiss Amended Complaint (d/e 35) is DENIED. The Defendants are directed to answer the Amended Complaint by July 8, 2006.

IT IS THEREFORE SO ORDERED.

ENTER: June 22, 2006.

FOR THE COURT:

                                      s/ Jeanne E. Scott
                                      JEANNE E. SCOTT
                                      UNITED STATES DISTRICT JUDGE