IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| STEVE WHITLOW, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )  No. 04-3211 |
| | ) |
| TIMOTHY MARTIN, | ) |
| MICHAEL STOUT, and | ) |
| SCOTT DOUBET, | ) |
| | ) |
| Defendants. | ) |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Attorney General's Motion to Strike the Appearance of William F. Moran, III, as Counsel for Defendants (d/e 66), Supplement to Motion to Strike Notice of Appearance of Attorney William F. Moran, III, as Counsel for Defendants (d/e 74) (collectively, the Motion to Strike), and Motion to Compel Turnover of Files (d/e 64) (Motion to Compel). The Attorney General appointed the firm of Jenner & Block to represent the Defendants in this case under its supervision. The Attorney General allowed the appointment of that firm to expire, and Jenner & Block filed a Motion to Withdraw. Jenner & Block's

1

Agreed Motion to Withdraw as Counsel (d/e 49) (Motion to Withdraw). The Defendants retained Attorney Moran to represent them in this matter and indicated that they intended to file an objection to Jenner & Block's Motion to Withdraw because of a disagreement with the Attorney General on an issue involving waiver of attorney-client privilege. Motion for Filing Under Seal and Request for Ex Parte Consideration (d/e 60).

The Attorney General filed the Motions at issue in response to Attorney Moran's appearance in the case. The Attorney General objected to Moran representing the Defendants because: (1) the Defendants had tendered the defense to the Attorney General, and (2) the Defendants were sued in both their individual and official capacities. Motion to Strike at 2, and attached Exhibits A-C.

The Defendants did not file an objection to the Motion to Withdraw, and the Court allowed Jenner & Block to withdraw, but ordered the firm to retain the files until further order of the Court. Opinion entered July 28, 2006 (d/e 69).

The Defendants have now presented their objections to being represented by the Attorney General. Memorandum of Law (d/e 80). The Defendants claim that they have three disputes with the Attorney General

2

that rise to the level of a conflict of interest on the part of the Attorney General in representing them.  First, they object to the Attorney General's decision not to assert an attorney-client privilege to prevent the deposition of Mary Lee Leahy.  Leahy is an attorney who was appointed by the Office of Governor Rod Blagojevich in 2003 to advise various state agencies about personnel matters.  As part of her duties in that position, she consulted with Defendants Martin and Stout regarding Department personnel matters.  See Defendants' Memorandum of Law, attached Declarations of Timothy Martin, Scott Doubet, and Michael Stout.

The Plaintiffs now wish to depose Leahy.  The Defendants want to assert the attorney-client privilege to prevent disclosure of the content of their discussions with Leahy.  The Defendants state that the Attorney General has taken the position that any privilege belongs to the state, and as such, the Attorney General will decide whether to assert the privilege. According to the Defendants, the Attorney General also does not believe that a good-faith basis exists to assert this claim of privilege.  See Declaration of Timothy Martin, attached letter from Deputy Attorney General Roger Flahaven, dated August 17, 2006.

The Defendants also disagree with the Attorney General on how to

3

respond to subpoenas to produce records served on employees of the Department and Central Management Services (CMS). Defendant Martin believes that some of the documents requested have already been produced; some of the requests are overly broad and burdensome; and some of the requests are irrelevant. <u>Declaration of Timothy Martin</u>, ¶ 7. The Defendants want the Attorney General to seek additional time to respond to the subpoenas and to move to quash or limit the subpoenas. The Attorney General, rather, is attempting to negotiate an agreement with the Plaintiffs regarding the materials subpoenaed.

Last, the Defendants' former counsel at Jenner & Block had drafted (but not filed) an answer and affirmative defenses to the Amended Complaint. The Attorney General has indicated that that draft should not be filed. Representatives of the Attorney General are working on a new draft. The Defendants want the Jenner & Block's draft used. <u>Id.</u> ¶ 8.

The Court has reviewed the material submitted and sees no conflict of interest. The Defendants were sued in their individual and official capacities. The official capacity claims are claims against the state of Illinois. <u>Kentucky v. Graham</u>, 473 U.S. 159, 165 (1985). The Attorney General is the chief legal officer of the state and is fully authorized to

4

represent the state in this case. ILCS Const. Art. 5 § 15; 15 ILCS 205/4.[1] The Defendants have also tendered the defense of the individual capacity claims against them to the state of Illinois, and the state has agreed to indemnify them for any losses. The state of Illinois, therefore, is the party at risk to pay any damages in this case, not the individual Defendants. In exchange for this indemnification, the Defendants have: (1) consented to the Attorney General conducting the defense as it deems advisable in their best interests, and (2) obligated themselves to cooperate with that defense. 5 ILCS 350/2(a).

Given this relationship, the disputes over the subpoenas and the answer to the Amended Complaint do not rise to a conflict of interest. These two disputes are disagreements over litigation strategy. The Defendants have consented to the Attorney General controlling these decisions and have agreed to cooperate with those decisions. The Defendants have made no showing that the Attorney General's strategic decision to negotiate a resolution of the subpoena is adverse to them. Similarly, the Defendants have not shown that the Attorney General's

---

[1] The Defendants have given no indication that their personal interests are adverse to the interests of the state of Illinois.

5

version of an answer to the amended complaint is adverse to them. The possible existence of a conflict of interest arising from the attorney-client privilege dispute depends on whether the Defendants are entitled to assert the privilege. The Defendants do not claim that Leahy will testify to anything that is substantively adverse to their interests or to the interests of the state of Illinois. Rather, the Defendants argue that a conflict of interest exists because the Defendants claim a right to assert the privilege, and the Attorney General refuses to recognize that claim.

The Defendants do not hold any attorney-client privilege with regard to their conversations with Attorney Leahy. The client controls the privilege. See e.g., Commodity Futures Trading Com'n v. Weintraub, 471 U.S. 343, 348 (1985). Attorney Leahy was appointed by the Office of the Governor to consult with various state agencies on personnel matters. She spoke to Defendants Martin and Stout as part of her duties under that appointment. As such, an attorney-client relationship, if any, existed between Leahy and the state of Illinois, as represented by the Office of the Governor. See In re Witness Before Special Grand Jury 2000-2, 288 F.3d 289, 291 (7th Cir. 2002) ("But here, we have a special case: the client is neither a private individual nor a private corporation. It is instead the State

6

of Illinois itself, represented through one of its agencies."). The Defendants have not demonstrated that they have the authority to assert a privilege on behalf of the state of Illinois or the Office of the Governor.[2]  Because the Defendants have no right to assert the attorney-client privilege, the Attorney General's decision to forego raising this claim of privilege does not adversely affect their legal rights.[3]

Thus, the dispute about Leahy's deposition is, once again, a strategic one about how to conduct the defense.  The Defendants consented to the Attorney General conducting the defense and agreed to cooperate.  The Defendants, therefore, gave the Attorney General the authority to make these types of strategic decisions.  Again, the Defendants do not assert that the substance of Leahy's testimony will be adverse to their interests.  The Attorney General's strategic decision to let Leahy be deposed, therefore, is not adverse to them and, so, does not create a conflict of interest between

---

[2] Martin asserts the authority to assert the privilege as Director of the Department. Memorandum of Law at 20, n. 4.  Leahy, however, was not hired by the Department. Her appointment was by the Office of the Governor.  Martin has presented nothing to establish that he had authority to assert a privilege for the Office of the Governor.

[3] The Court does not address whether the Governor could challenge the Attorney General's authority to decide whether to assert a privilege in this context.  The only issue is whether the Attorney General's decision regarding this claim of privilege creates a conflict of interest with the Defendants.

the Attorney General and them.

The Defendants rely heavily on <u>Tully v. Edgar</u>, 286 Ill.App.3d 838, 676 N.E.2d 1361 (Ill.App. 1st Dist. 1997). That case involved a suit to challenge the Illinois University Act. The Governor and the Trustees of the University of Illinois were defendants. One elected trustee wanted to assert a defense that was adverse to the interests of the Governor. The Appellate Court held that a conflict of interest existed, and the Circuit Court had the authority to appoint an independent counsel to represent the one trustee. <u>Tully</u>, 676 N.E.2d at 1364. The decision in <u>Tully</u> does not apply here because the Defendants have failed to show that a conflict of interest exists.

Because no conflict of interest exists, the Court will not disqualify the Attorney General from representing the Defendants in this case. Thus, the Attorney General is entitled to the files currently in the hands of Jenner & Block. The appearance of Attorney Moran is also stricken since the Attorney General has not authorized his appearance.

The Defendants, in their individual capacities, may always forego indemnification by the state and hire their own attorneys to represent them. If they do so, the Attorney General will still represent them in their official capacities since those claims are against the state of Illinois. At this

juncture, however, the Defendants have consented to being represented by the Attorney General.

THEREFORE, the Motion to Strike the Appearance of William F. Moran, III, as Counsel for Defendants (d/e 66) and Supplement to Motion to Strike Notice of Appearance of Attorney William F. Moran, III, as Counsel for Defendants (d/e 74) are ALLOWED. The Motion to Compel Turnover of Files (d/e 64) is ALLOWED. Jenner & Block is directed to deliver its files in this case to the Attorney General. The appearance of Attorney William F. Moran, III, is stricken from this case. This matter is referred to United States Magistrate Judge Byron G. Cudmore to enter a revised scheduling order and to address other motions currently pending.

IT IS THEREFORE SO ORDERED.

ENTER: August 28, 2006.

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE