IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| STEVE WHITLOW, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 04-CV-3211 |
| | ) | |
| TIMOTHY MARTIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

　　This matter comes before the Court on the Plaintiffs' Motion to Compel Testimony of Mary Lee Leahy (d/e 37) (Motion). The Plaintiffs attempted to depose Mary Lee Leahy about her activities as a consultant with the State of Illinois. The Defendants asserted the attorney-client privilege and related privileges and instructed the deponent Mary Lee Leahy not to answer numerous questions. The Defendants have now dropped their assertions of privilege, but ask the Court, based on relevance grounds, to preclude the Plaintiffs from asking any questions about Leahy's consultations with any state government offices or agencies other than the Department of Transportation (Department). For the reasons set forth

below, the Motion to Compel is ALLOWED, and the request to limit the scope of testimony is DENIED.

The Plaintiffs are former employees of the Department. Defendant Timothy Martin is the Secretary of Transportation (Secretary). Defendant Michael Stout was a contractual employee who reported to the Governor's Office, and later, he became the Department's Deputy Director of the Bureau of Finance and Administration. Defendant Scott Doubet is the Department's Bureau Chief of Personnel Management. The Plaintiffs allege that the Defendants fired the Plaintiffs in 2004 as part of an illegal, state-wide scheme to fire supporters of the prior Republican Governor George Ryan in violation of the employees' First Amendment rights. Complaint (d/e 1), ¶¶ 15-20.

In January 2003, Governor Blagojevich appointed Leahy to consult with his Office on personnel matters and to investigate state personnel transactions that occurred in the final days of the Ryan administration. On March 20, 2003, she executed an employment contract with various state agencies. Motion, Exhibit B, Memorandum of Contract dated April 21, 2003 (Contract). The Contract was signed by Leahy, a representative of the Illinois Department of Central Management Services, and eighteen

other state agencies.  The Department was not a party to the Contract. Leahy completed her work for the state in June 2003.  During her tenure, Leahy consulted with various individuals in state government, including Stout and Martin.  <u>Response to Plaintiffs' Motion to Compel the Testimony of Mary Lee Leahy (d/e 92)</u>, attached Exhibit, <u>Declaration of Mary Lee Leahy</u>, ¶¶ 1-3; <u>Opinion entered August 28, 2006 (d/e 84)</u>, at 3.

     The Plaintiffs wish to depose Leahy and ask her about her work with the State from January 2003 to June 2003.  The Defendants agree that information about her work for the state during this time is not generally privileged.  The Defendants, however, ask the Court to limit the scope of her deposition, on relevance grounds, to dealings with Department personnel and communications with individuals who were not acting as officials of the State of Illinois.  The Plaintiffs object to this limitation.  The Plaintiffs argue that they allege that the Defendants fired them as part of an illegal scheme throughout state government to fire supporters of former Governor Ryan in violation of the employees' First Amendment rights. They, therefore, want to question Leahy about her work throughout state government.

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party.  Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence.  The rule gives the district courts broad discretion in matters relating to discovery.  See Brown-Bey v. United States, 720 F.2d 467, 470-471 (7th Cir.1983); Eggleston v. Chicago Journeymen Plumbers' Local Union 130, 657 F.2d 890, 902 (7th Cir.1981); see also, Indianapolis Colts v. Mayor and City Council of Baltimore, 775 F.2d 177, 183 (7th Cir.1985) (on review, courts of appeal will only reverse a decision of a district court relating to discovery upon a clear showing of an abuse of discretion).  ". . . if there is an objection the discovery goes beyond material relevant to the parties' claims or defenses, the Court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action.  The good-cause standard warranting broader discovery is meant to be flexible."   Federal Rule of Civil Procedure 26(b)(1) Advisory Committee Notes, 2000 Amendment.

Plaintiffs allege that the Defendants participated in an illegal, state-wide scheme to fire supporters of the Republican Ryan administration in violation of the employees' First Amendment rights. Leahy's work with state officials outside of the Department may be relevant to this claim, or may lead to relevant evidence related to this claim. Therefore, the Court will not limit the scope of the Plaintiffs' inquiry to Department officials or those outside of state government. The broader scope of inquiry that the Plaintiffs intend to pursue in discovery is within the relevance standards for the scope of inquiry under Rule 26.

THEREFORE, the Plaintiffs Motion to Compel Testimony of Mary Lee Leahy (d/e 37) is ALLOWED. The Plaintiffs are authorized to depose Mary Lee Leahy concerning relevant, unprivileged matters, including her dealings with all agencies, offices, and aspects of Illinois state government during her tenure with the state from January 2003 through June 2003. The Defendants' request to limit the scope of inquiry at Leahy's deposition to communications with: (1) Department personnel, and (2) individuals not acting as officials of the State, is denied.

IT IS THEREFORE SO ORDERED.

ENTER:   October 20, 2006

    FOR THE COURT:

                                          s/Byron G. Cudmore
                                          BYRON G. CUDMORE
                                          UNITED STATES MAGISTRATE JUDGE