## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| STEVE WHITLOW, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 04-3211 |
| | ) | |
| TIMOTHY MARTIN, MICHAEL R. | ) | |
| STOUT, and SCOTT DOUBET, | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiffs' Fourth Motion to
Compel Compliance with Subpoena Issued to Office of the Governor
(d/e 158). Plaintiffs are former employees of the Illinois Department of
Transportation (IDOT). Defendants are IDOT officials. Plaintiffs allege that
Defendants terminated Plaintiffs' employment as part of a state-wide
scheme with the Office of Illinois Governor Rod Blagojevich to terminate
employees who were perceived to be political opponents of the Blagojevich
administration and to create patronage employment opportunities for
supporters of the new administration. As a part of discovery, Plaintiffs
served the Office of the Governor with a third-party subpoena in April 2006

and a revised third-party subpoena in August 2007.  In the Fourth Motion to Compel, Plaintiffs seek an order compelling full compliance with the subpoenas and, additionally, ask that the Court set the matter for hearing on the question of sanctions.  As set forth below, the Fourth Motion to Compel is allowed, in part, and denied, in part.  Plaintiffs' request for a hearing on the issue of sanctions is denied.

The status of the Governor's Office's compliance with the instant subpoenas has been a recurring issue before this Court.  Because the remaining contested issues relate to the requests in the revised subpoena, the Court focuses its attention on the facts surrounding it.  During a telephone conference on August 9, 2007, the undersigned directed Plaintiffs to re-serve the subpoenas on the Governor's Office by August 17, 2007.  Minute Entry, dated August 9, 2007.  The Court ordered the Governor's Office to respond to the subpoenas by September 17, 2007, although that date was later extended to October 1, 2007.  Text Order, dated September 18, 2007.  On October 1, 2007, Counsel for the Governor's Office filed a motion for extension of time to file a reply to the Plaintiffs' Third Motion to Compel (d/e 99).  Motion for Extension of Time (d/e 112).  The motion for an extension did not seek to extend the Court-

ordered date for response to the subpoena, although it did note that only "some documents" had been produced in response to the subpoena.  The Court allowed the request for an extension until October 10, 2007.  Minute Entry, dated October 2, 2007.

On October 10, 2007, the Governor's Office filed a response to the Third Motion to Compel.  Response to Motion to Compel (d/e 117). According to the Governor's Office, Plaintiffs' counsel Carl Draper e-mailed to Assistant Attorney General Corrigan a revised subpoena on or about August 21, 2007, but Draper "did not forward this revised subpoena" to the Office of the Governor until September 17, 2007.  Id., p. 1-2.  The Court notes that Attorney Corrigan had appeared in the case on behalf of the Governor's Office prior to August 2007.  See, e.g., Motion for Extension of Time (d/e 86).  In an October 10, 2007 filing, the Governor's Office indicated that it intended "to appropriately object to the revised subpoena in short order."  Response to Motion to Compel (d/e 117), p. 1, n.1.

The Court set the Third Motion to Compel for evidentiary hearing on November 13, 2007.  Notice of Hearing, dated October 25, 2007.  The Court noted that Plaintiffs carried the burden of persuasion and directed Plaintiffs to meet and confer with a representative of the Governor's Office

well before the hearing to attempt to resolve the outstanding issues.  Id.

On November 5 and 6, 2007, attorneys Haarlow and Marinello entered

appearances on behalf of the Governor's Office and sought to continue the

evidentiary hearing.  In a November 8, 2007 telephone conference, the

Court cancelled the November 13th hearing and established various

deadlines for disclosures by the Governor's Office.  Minute Entry, dated

November 8, 2007.  On November 19, 2007, the Governor's Office served

Plaintiffs with a document titled Non-Party Office of the Governor of the

State of Illinois' Revised Responses and Objection to the "Revised"

Subpoena for Production of Documents, as an exhibit to a Court-ordered

status report.  The Office of the Governor of the State of Illinois' Additional

Status Report on Production of Documents (d/e 133), Attachment 3.  The

Court set an evidentiary hearing for the Third Motion to Compel on

December 11, 2007, again noting that Plaintiffs carried the burden of

persuasion on the motion.  Notice of Hearing, dated November 26, 2007.

Following the December 11, 2007 hearing, Plaintiffs' counsel and

counsel for the Governor's Office were directed, among other things, to

meet and confer regarding the status of compliance on each component

part of the subpoena; Attorney Draper was directed to identify any types of

documents that he believes may be responsive that had not been disclosed; and the parties were directed to meet with the technician who performed the electronic searches to discuss the process employed.  At the hearing, a question was raised as to whether the Court believed that the scope of the instant subpoenas properly extended to information relating to state agencies other than IDOT.  The parties were directed to meet and confer regarding any type of progressive discovery system that could be put into place to allow discovery to extend to documents relating to State agencies other than IDOT.  Counsel for the Governor's Office stated that the information that was being produced was limited to IDOT and general employment policies of the Governor's Office.  The Court directed that status reports be filed on these issues by January 11, 2008.  Minute Entry, dated December 11, 2007.

Counsel for Plaintiffs and the Governor's Office filed a Joint Status Report on Production of Documents (d/e 146) on January 11, 2008.  The parties represented that the following tasks were complete: tender by Governor's Office of five boxes of documents (redacted) with electronic copy; tender by Governor's Office of any remaining documents responsive to the subpoenas, subject to objections; and conference call with

technology representative concerning process employed in searching P

Drives.  The joint status report further stated that Plaintiffs' counsel had

begun identifying documents or categories of documents that might be

missing from production.  Finally, the parties informed the Court that they

had begun negotiations regarding the status of compliance and any

progressive discovery system that could be put into place to allow

discovery to extend to agencies beyond IDOT.  The parties recommended

that the Court order a supplemental status report by February 8, 2008,

which the Court did.  See Text Order, dated January 14, 2008.

Counsel for Plaintiffs and the Governor's Office filed a Joint Status

Report Concerning Subpoena (d/e 155) on February 8, 2008.  The parties

represented that discussions continued as to the following: (1) documents

relating to employment decisions at agencies other than IDOT, including

the significant majority of documents in the five boxes that had only the

word "REDACTED" on them; (2) computer spreadsheets bearing a title

"recommended candidates that were hired" or "recommended candidates;"

and (3) network data files.  The parties informed the Court that their

discussions had been productive and that neither side believed that it was

necessary for the Court to continue monitoring the efforts.

Plaintiffs filed the instant Motion to Compel in April 2008.  Counsel for the Governor's Office asserts that Plaintiffs filed the motion in violation of their representations in the February 8th status report and the meet and confer obligations of Fed. R. Civ. P. 37.  To the extent meet and confer obligations extend to a motion to compel arising out of a non-party's alleged failure to comply with a Rule 45 subpoena, the Court finds that Plaintiffs have engaged in a good faith effort to secure compliance without court action.  The Fourth Motion to Compel certifies that Plaintiffs have exhausted all reasonable efforts to resolve the issues without court action and details discussions and correspondence between the parties following the December 11, 2007 hearing.  The Court is keenly aware of the history of the instant subpoenas, and the record evidence supports a finding that the meet and confer requirement has been met.  Thus, the Court turns its attention first to the applicable legal standards and then to the individual unresolved subpoena issues identified in the Fourth Motion to Compel.

<u>Standard for Motion to Compel</u>

The Court has broad discretion when reviewing a discovery dispute and "should independently determine the proper course of discovery based upon the arguments of the parties."  <u>Gile v. United Airlines Inc.</u>, 95 F.3d

492, 496 (7th Cir. 1996).  Unless limited by court order, the scope of

discovery extends to "any nonprivileged matter that is relevant to any

party's claim or defense . . . .  Relevant information need not be admissible

at the trial if the discovery appears reasonably calculated to lead to the

discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  The Court is

cognizant that the Governor's Office is not a party to the underlying

litigation.  Discovery in the hands of a non-party is subject to discovery

under the Federal Rules.  See Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 45;

Seattle Times Co. v. Rhinehart, 467 U.S. 20, 25 (1984).  The scope of

discovery under Rule 26 governs the proper scope of requests under Rule

45.  The rules, however, protect individuals subject to subpoenas from

undue burden or expense.   Fed. R. Civ. P. 45(c)(1); see also Guy

Chemical Co., Inc. v. Romaco AG, 243 F.R.D. 310, 313 (N.D. Ind. 2007).

Non-party status is a significant factor to be considered in determining

whether the burden imposed by a subpoena is undue.  United States v.

Amerigroup Ill., Inc., 2005 WL 3111972 at *4 (N. D. Ill. Oct. 21, 2005).  To

determine whether a Rule 45 subpoena is unduly burdensome, a court may

weigh a number of factors including "relevance, the need of the party for

the documents, the breadth of the document request, the time period

covered by it, the particularity with which the documents are requested, and the burden imposed." Morrow v. Air Ride Technologies, Inc., 2006 WL 559288 at *2 (S.D. Ind. Mar. 6, 2006).

Rule 45(c)(2)(B) permits an individual who is subject to a subpoena to object to production. The burden then shifts to the party who seeks the documents to move for an order compelling production. Fed. R. Civ. P. 45(c)(2)(B)(I); Price v. Scruggs, 2007 WL 2471860 at *1 (S.D. Ill. Aug. 30, 2007). As the Court has previously noted, Plaintiffs bear the burden of persuasion on their motion to compel. Because the subpoenas provide the only basis for requiring disclosure by the Governor's Office, the Court limits its analysis to information requested in the subpoenas.

At the outset, Plaintiffs assert that the objections served by the Governor's Office on November 19, 2007 are untimely and, thus, waived. Under Fed. R. Civ. P. 45(c)(2)(B), objections "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Plaintiffs, however, fail to identify record evidence to support a finding that these objections were untimely and fail to establish the date on which the August 2007 revised subpoena was actually served in

compliance with Rule 45(b)(1).  Thus, the Court will address the parties' arguments on the merits.

Counsel for Plaintiffs and the Governor's Office dispute the scope of relevance in the instant case, a threshold issue in the Court's analysis of the motion to compel.  The Governor's Office has consistently insisted that the scope of discovery should be limited to information relating to the reorganization of IDOT, while Plaintiffs seek information relating to employment at all state agencies.  The Court addressed this issue in ruling on the Plaintiffs' Motion to Compel Testimony of Mary Lee Leahy.  Opinion (d/e 97), dated October 20, 2006.  Based on Plaintiffs' allegations that Defendants participated in an illegal, state-wide scheme to fire supporters of the prior Republican administration, the Court allowed Plaintiffs to inquire into Ms. Leahy's dealings with all state agencies and declined Defendants' request to limit the scope of her deposition to IDOT.  The same reasoning applies to the scope of the instant subpoenas.  Information held by the Governor's Office relating to employment decisions at agencies other than IDOT would be relevant to Plaintiffs' claim that a state-wide scheme existed and could reasonably lead to the discovery of admissible evidence.  Thus, such information meets the definition of relevance set out in Rule 26(b)(1).

The Court holds that the scope of the instant subpoenas if specifically requested extends to information held by the Governor's Office relating to employment decisions at agencies other than IDOT.  With these principles in mind, the Court turns to the individual contested subpoena requests.

Contested Subpoena Requests

The Fourth Motion to Compel contains a table which summarizes the status of compliance by item number.  Fourth Motion to Compel, p. 13-18.  According to the table, there are no pending issues relating to subpoena items 1 through 5 and 10.  Therefore, the Court will not address these items.  Turning to subpoena items 6, 7, and 12, the Court notes that, in each instance, Plaintiffs characterize the status of the request by merely stating that the response asserts that no other documents have been found.  Plaintiffs do not identify any types of responsive information that they believe to be missing as to these items.  The Governor's Office represents that production is complete with respect to these items, and Plaintiffs fail to establish otherwise.  Therefore, the Fourth Motion to Compel is denied with respect to subpoena items 6, 7, and 12.  Items 17 and 18 warrant a similar result.  The Governor's Office responded to subpoena items 17 and 18 by stating that it did not know the meaning of

terms used in the requests, and as a result, no responsive documents were identified. According to the Governor's Office, these responses are complete. Again, Plaintiffs fail to establish otherwise, and the Fourth Motion to Compel is denied with respect to subpoena items 17 and 18.

Subpoena item 15 requests "[a]ll documents reflecting IDOT headcount requirements imposed by the Governor's office or the Office of [M]anagement and Budget, from the period 2002 through December 31, 2004." Fourth Motion to Compel, p. 16. The Governor's Office responds that all such documents have been produced. Plaintiffs, however, assert that no documents produced have this information. The Governor's Office counters by identifying two documents that it characterizes as containing such information. Governor's Response to "Fourth" Motion to Compel (d/e 163) (Governor's Response), p. 20-21 & Ex. 12; Fourth Motion to Compel, Ex. 2, GOV 11584.[1] The Court notes that, while both identified documents mention IDOT headcounts, neither reflect mandatory headcount requirements. Nevertheless, Plaintiffs fail to establish that documents exist that have not been produced such that the Governor's response to

---

[1]The Court notes that the internal pagination within the Governor's Response is inconsistent. The Court will, thus, cite to the document by the page numbers assigned by the Court's electronic filing system.

subpoena item 15 would be incomplete.  The Fourth Motion to Compel is denied as it relates to this item as well.

Subpoena item 22 seeks "[a]ll documents that mention or relate to the employment of or applications for employment of Pilots at IDOT during 2003 to present.  Include all documents relating to the application of Chris Lamm."  Fourth Motion to Compel, p. 18.  Plaintiffs characterize the status of compliance as "Some produced.  Unclear if it is complete."  Id.  The Governor's Office represents that item 22 is complete.  Plaintiffs fail to establish otherwise, and the Fourth Motion to Compel is denied as it relates to item 22.

Subpoena item 8 requests documents prepared by or received by the Office of the Governor that mention or relate to any reorganization at IDOT on or after January 2003 that was the basis for the layoffs of the plaintiffs in this cause.  Fourth Motion to Compel, p. 14.  According to Plaintiffs, while the response states that production is complete, "[m]ost of Julie Curry documents and e-mails, 10 'Confidential Binders,' the organization charts sent to Julie Curry or others" are missing.  Id.  The Governor's Office concedes that it did not initially search Curry's e-mail in response to item 8, but asserts that it has now done so.  The Governor's Office represents that

the e-mail search did not uncover any responsive documents, and Plaintiffs
fail to establish otherwise.  The Governor's Office further represents that it
has located documents that could potentially fit the description of the 10
Confidential Binders, but that none of this information relates to the
reorganization of IDOT.  The Court's ruling on the scope of relevance does
not effect this response, as subpoena 8 is on its face expressly limited to
documents relating to reorganization at IDOT.  Plaintiffs fail to establish
that the information in the Confidential Binders would be responsive.  With
respect to the organization charts, Plaintiffs have reason to believe that
organization charts that were relied on for the layoff were hand carried to
Julie Curry's office for review.  If such documents exist, they clearly fall
within the scope of subpoena item 8.  While the Governor's Office asserts
that the organization charts had not previously been expressly identified by
Plaintiffs, Plaintiffs are not required to specifically reference these charts.
Subpoena item 8 is straightforward in its terms.  Thus, the Fourth Motion to
Compel is allowed in part as it relates to item 8.  The Governor's Office is
directed to comply with subpoena item 8 and produce any documents
prepared by or received by the Office of the Governor that mention or

relate to any reorganization at IDOT, including organization charts, or certify that they have searched for such documents and none exist.

Subpoena item 9 seeks any communications between any person or state agency and the Office of the Governor sent or received on or after December 1, 2002 that referred to or concerned any of the Plaintiffs or Ann Libri.  The Governor's Office asserts that all responsive documents have been produced.  Plaintiffs have reason to believe that Julie Curry requested the names of all person who might be affected by the layoffs several months prior to the notification to employees.  According to Plaintiffs, no related documentation has been produced.  Plaintiffs, however, fail to establish that any written documentation exists relating to Curry's request for names or to identify any categories of documents that might contain such information.  Thus, Plaintiffs fail to establish that the response to item 9 is incomplete, and the Fourth Motion to Compel is denied in this respect.

Subpoena item 11 seeks any communication between any person or State agency and the Office of the Governor sent or received on or after December 1, 2002 that referred to or concerned the process for personnel actions to receive approval in the Office of the Governor.  According to Plaintiffs, the production is incomplete as to this item because Personnel

Action Requests (PARs) and Electronic Personnel Action Requests (ePARs) are missing.  Plaintiffs contend that a written PAR is required for every employment transaction for all agencies responsible to the Governor. The Governor's Office responds that documents for agencies other than IDOT have not been produced.  However, as the Court previously noted, the subpoenas properly extend to information held by the Governor's Office relating to employment decisions at agencies other than IDOT.  If the Court's ruling as to scope necessitates further disclosure, the Governor's Office is directed to supplement its response to subpoena item 11 in order to comply with the subpoena.  The Fourth Motion to Compel is allowed with respect to this item.

Subpoena item 13 seeks any communication between any person or State agency and the Office of the Governor sent or received on or after December 1, 2002 that refers to or concerns IDOT employees, other than the Plaintiffs, who were subject to the layoff at issue in the instant case, including names on documents previously disclosed.  The Office of the Governor responds that all documents relating to the layoff have been produced.  Plaintiffs again identify Julie Curry documents and e-mails, the ten Confidential Binders, organization charts sent to Julie Curry or others,

the PARs, and the ePARs as areas in which production is incomplete.  As set forth above, the Governor's Office represents that its search of Curry documents and e-mails did not uncover any responsive documents, and Plaintiffs fail to establish otherwise.  Similarly, the Governor's Office further represents that none of the information from the Confidential Binders relates to the reorganization of IDOT, and Plaintiffs fail to establish otherwise.  Again, the Court notes that subpoena 13 is on its face expressly limited to documents relating to IDOT employees.  As the Court has previously noted, Plaintiffs have reason to believe that the organization charts that were relied on for the layoff were hand carried to Julie Curry's office for review.  If such documents exist it is clear that they would concern IDOT employees subject to the layoff such that they would be responsive to subpoena item 13.  The Motion to Compel is allowed in this respect. Similarly, any PARs or ePARs relating to IDOT employees subject to the layoff would also be relevant and responsive.  It is unclear to the Court whether these have been produced.  If they have not, the Governor's Office is directed to tender them.

Subpoena item 14 seeks copies of all correspondence between an employee of IDOT and Julie Curry, Margaret Houlihan, or any other

employee of the Governor's Office of Intergovernmental Affairs relating to IDOT personnel, IDOT personnel transactions, or review of agency personnel transactions by the Governor's Office.  The Office of the Governor responds that all documents dated on or before December 31, 2004 have been produced concerning (1) the process applicable to all state agencies for the approval of personnel transactions and (2) employment transactions at IDOT.  The Office of the Governor expressly states that documents solely concerning state agencies other than IDOT have not been produced.  As with subpoena item 13, Plaintiffs identify the following types of documents as missing from the Governor's Office's response: Julie Curry documents and e-mails, the ten Confidential Binders, organization charts sent to Julie Curry or others, the PARs, and the ePARs. The Governor's Office represents that it has reviewed the Curry documents and the ten Confidential Binders and found no relevant information.  It appears to the Court that this review was limited to information relating to the IDOT reorganization.  If the Court's ruling as to the scope of relevance necessitates further disclosure from these categories of documents in response to subpoena item 14, the Governor's Office is directed to supplement its response.  Additionally, if the referenced organizational

charts exist, they would clearly be responsive to subpoena item 14 as well and should be produced.  Turning to the PARs and ePARs, the reasoning applied in analyzing subpoena request 11 controls here as well.  The subpoenas properly extend to information relating to the review by the Governor's Office of personnel transactions at agencies other than IDOT, including PARs and ePARs.  Thus, the Motion to Compel is allowed as it relates to subpoena item 14 to the extent set forth above.

Subpoena item 16 requests documents using the following terms or any form or abbreviation of the terms in relation to personnel decisions at any agency under the control of the Governor: politics, political, target, save, saved, and Republican.  The Governor's Office responds that item 16 is complete in that it conducted a search with search terms provided by Plaintiffs' counsel.  Plaintiffs assert that the response is incomplete because "[t]he only search was one using the terms Plaintiffs supplied." Fourth Motion to Compel, p. 17.  On its face, subpoena item 16 requests documents containing specific terms.  Plaintiffs fail to explain how a search with search terms provided by Plaintiffs' counsel is insufficient.  The Motion to Compel is denied with respect to subpoena item 16.

Subpoena item 19 requests all emails or other documents sent to or received by any employee of the Office of the Governor in relation to a material reorganization at IDOT from January 20, 2003 to present.  The Governor's Office responds that all documents relating to the reorganization at IDOT in 2003-2004 have been produced.  Plaintiffs assert that the response is incomplete, again identifying the Curry documents as missing.  Subpoena item 19 is limited on its face to documents relating to the reorganization of IDOT.  As the Court has previously noted, the Governor's Office represents that searches of the Curry documents and the information from the Confidential Binders did not uncover any documents related to the reorganization of IDOT, and Plaintiffs fail to establish otherwise.  However, if the referenced organizational charts exist, they would clearly be responsive to subpoena item 19 and should be produced. Thus, the Motion to Compel is allowed in part with respect to subpoena item 19.

Subpoena item 20 requests all documents kept in three-ring binders in the Governor's Office of Intergovernmental Affairs (by Joe Cini, Alonzo Monk, or Bradley Tusk) that were labeled by the names of persons making referrals for jobs or appointments which included but were not limited to

referrals from John Daley, Chris Kelly, Tony Rezko, J. Hoffman, and Dick Mell.  The Governor's Office responds that no three-ring binders of documents were located, but that it recently identified documents that might be responsive.  The Governor's Office has produced, as a sample, a resume.  Governor's Response, Ex. 13.  The resume itself contains no indication of any person referring the individual for a job.  The Governor's Office objects to producing the newly-identified documents, asserting that they are not relevant, production will be burdensome, and the documents are politically sensitive.  These objections are for the most part unpersuasive.  Clearly, resumes or similar documents labeled by the names of persons making referrals for Rutan-protected jobs or appointments are relevant in that they are reasonably calculated to lead to discoverable information on Plaintiffs' claim that a state-wide scheme existed to terminate political opponents and to create employment opportunities for political supporters of Governor Blagojevich in violation of Rutan.  See Rutan v. Republican Party of Illinois, 497 U.S. 62 (1990).  The Court agrees, however, that recommendations for non-Rutan positions are not relevant and need not be produced.  While the Governor's Office asserts that the request is burdensome, it provides no concrete information

that would allow the Court to assess the burden of producing the documents.  Additionally, the fact that the documents may contain politically sensitive information does not, by itself, preclude their production. The Governor's Office may seek a protective order imposing terms to the disclosure pursuant to Fed. R. Civ. P. 26(c).  Based on the fact that certain material disclosed in this case has appeared in the press, such terms might include a prohibition against disseminating information produced in response to subpoena item 20 outside of the litigation pending further Court order.  Restrictions on discovered, but not yet admitted, information do not constitute restriction of public information.  Seattle Times Co., 467 U.S. 20.  Because the Governor's Office has not yet requested a protective order, the Court need not decide that issue in ruling on the instant Motion to Compel.  The Court merely notes the availability of protections as a means of lessening the burden of production on the non-party Office of the Governor.  The Fourth Motion to Compel is allowed as it related to subpoena item 20.

Subpoena item 21 requests e-mails sent to or received by Defendant Scott Doubet during the time he worked in the Office of the Governor (without regard to the source of his wage payments) that mention or relate

to any issue concerning employment for applicants or employees of the State of Illinois.  The Governor's Office objects to producing Doubet's e-mails as unduly burdersome.  The Governor's Office asserts that the request would require it to search a large amount of material, reading each e-mail, and that prior similar efforts relating to other individuals identified by Plaintiffs produced nothing of substance relating to the instant case.  The Court sustains the objection to this request as unduly burdensome. Plaintiffs have failed to show a significant need for the requested documents and the breadth of the request is wide and does not include any express search terms that might narrow it.  The burden imposed is high, especially in light of the non-party status of the Office of the Governor. Plaintiffs' request to compel a response to subpoena item 21 is denied without prejudice to being renewed with reasonable search terms.

Subpoena item 23 requests "[a]ll 6-box forms and all PAR and EPAR forms submitted to the Office of the Governor for any employment related transaction at IDOT from January 2003 to present."  Fourth Motion to Compel, p. 18.  The Governor's Office responds that it has produced all ePARs and six boxes of forms related to Rutan-covered positions at IDOT. Plaintiffs contend that production is incomplete because there has been no

production for non-IDOT agencies or for <u>Rutan</u>-exempt positions and no

"answers to questions about how they are kept."  <u>Fourth Motion to Compel</u>,

p. 18. Plaintiffs further assert that none of the ePARs contain information

about approval or non-approval. Plaintiffs contentions are unpersuasive.

First, item 23 expressly requests information relating to employment

transactions at IDOT, it does not seek information relating to other

agencies.  Additionally, it requests forms "<u>submitted</u> to the Office of the

Governor."  <u>Id</u>. (emphasis added).  Thus, it is not surprising that the forms

that have been produced do not contain information about approval.  Under

Rule 45, the Office of the Governor may produce the information in the

form in which it is ordinarily maintained and need not provide explanation.

Finally, counsel for the Governor's Office makes a general objection that

documents relating to <u>Rutan</u>-exempt positions are not relevant to the case,

and, with respect to item 23, the Court agrees.  Plaintiffs allege that their

employment was terminated in violation of <u>Rutan</u>.  Plaintiffs fail to establish

that personnel request forms submitted to the Governor's Office for

transactions relating to <u>Rutan</u>-exempt positions are relevant.  The Fourth

Motion to Compel is denied with respect to item 23.

THEREFORE, the Fourth Motion to Compel is ALLOWED, in part, and DENIED, in part, as set forth above.  The Office of the Governor is directed to provide the discovery required under this order on or before July 1, 2008 and to provide a certification that the discovery responses are complete.   No sanctions are entered.  The Court *sua sponte* extends the fact discovery deadline to July 15, 2008 and the dispositive motion deadline to August 1, 2008.

IT IS THEREFORE SO ORDERED.

ENTER:   June 12, 2008.

FOR THE COURT:

*s/ Byron G. Cudmore*
_____
BYRON G. CUDMORE
UNITED STATE MAGISTRATE JUDGE