IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| STEVE WHITLOW, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 04-3211 |
| TIMOTHY MARTIN, et al., | ) |
| Defendants. | ) |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Plaintiffs' Appeal of Opinion of Magistrate Judge (d/e 176) and Third Party Office of the Governor of the State of Illinois' Appeal of Magistrate Judge's Order of June 12, 2008 (d/e 177). Both parties appeal the Opinion of United States Magistrate Judge Byron G. Cudmore entered June 12, 2008 (d/e 175) (Opinion). Judge Cudmore allowed in part and denied in part the Plaintiffs' Fourth Motion to Compel (d/e 158). This Court reviews the Opinion to determine whether the decision was clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

The Plaintiffs allege that the Defendants fired them from state

1

employment with the Illinois Department of Transportation (IDOT) in violation of their First Amendment rights as part of a conspiracy between the Defendants, persons in the Office of Governor Rod Blagojevich, and others throughout state government to fire individuals who supported Governor Blagojevich's political opponents. Complaint (d/e 1), Count I. Plaintiff Hank Priester further alleges that Defendants retaliated against him in violation of his First Amendment rights for filing the original Complaint in this action. Amended Complaint (d/e 32), Count II. The Plaintiffs' Fourth Motion to Compel (d/e 158) sought to enforce a subpoena served on the Office of the Governor. Governor Blagojevich and the Office of the Governor are not Defendants in this case.

This Court has carefully reviewed the Opinion and cannot say that any part of the decision was either clearly erroneous or contrary to law. The evidence presented to Judge Cudmore supported his factual findings. The Plaintiffs refer to various matters to show that they should be entitled to more relief, but they fail to demonstrate that they presented the evidence of these other matters properly to Judge Cudmore. Based on the evidence presented, Judge Cudmore's findings were not clearly erroneous.

The Plaintiffs also argue that Judge Cudmore erred in excluding

materials related to non-Rutan-exempt state employees. The record does not fully explain the terms "Rutan-exempt" and "non-Rutan-exempt" or "Rutan-covered," but these appear to be designations by the state of Illinois for positions in state government. The Rutan case, and other Supreme Court decisions, held that state and local governments could not hire, fire, transfer or promote a person due to his political affiliation, unless the position was one for which political affiliation was a proper consideration, such as policy making positions. Rutan v. Republican Party of Illinois, 497 U.S. 62 (1990); Branti v. Finkel, 445 U.S. 507 (1980); Elrod v. Burns, 427 U.S. 347 (1976). A "Rutan-exempt" position is one designated by the state in a position description as a position for which political affiliation was a proper employment consideration. A "non-Rutan-exempt" or "Rutan-covered" position was one designated by the state of Illinois as a position for which political affiliation was not a proper employment consideration. The Plaintiffs all alleged to have been fired from Rutan-covered positions. See Tarpley v. Keistler, 188 F.3d 788, 790 (7th Cir. 1999) (discussing the publication of a list of Rutan-exempt positions by the state of Illinois). Thus, they allege that the Defendants improperly used political affiliation as a consideration in the conspiracy to fire them and other state employees.

3

Judge Cudmore decided that the discovery response should be limited to <u>Rutan</u>-covered positions, as previously designated by the state of Illinois. Judge Cudmore decided that <u>Rutan</u>-exempt positions were not relevant because the Defendant could use political affiliation as a basis for firing employees in those positions. Thus, the fact that the Office of the Governor or the Defendants used political affiliation as a factor in filling those positions was not relevant to proving the Plaintiffs' claims. Judge Cudmore's conclusion about the relevancy of this information was not clearly erroneous. The treatment of employees in <u>Rutan</u>-exempt positions says little about the treatment of employees in <u>Rutan</u>-covered positions.

The Plaintiffs argue that the state may have designated positions that constitutionally should be <u>Rutan</u>-covered as exempt. An incorrect designation may occur, but the Plaintiffs do not allege that the state incorrectly designated their positions. They allege that they all were in positions designated as <u>Rutan</u>-covered, and the Defendants fired them anyway as part of a statewide conspiracy. Given the Plaintiffs' allegations, Judge Cudmore reasonably limited the burden imposed on a nonparty Office of the Governor, to just <u>Rutan</u>-covered employees. The decision was not clearly erroneous or contrary to law.

The Office of the Governor appeals the decision to require it to produce documents related to agencies other than IDOT. The Office of the Governor argues that the Plaintiffs were all IDOT employees, so the evidence should be limited to IDOT. Judge Cudmore rejected that position because the Complaint alleges a statewide conspiracy. The Office of the Governor argues that the conspiracy claim is not necessary to prove the Plaintiffs' claim and is only a device to conduct a fishing expedition. The Court disagrees. If the Plaintiffs can show a conspiracy, then this evidence may be probative to establish the intent requirement under § 1983. See generally, Huff v. Sheahan, 493 F.3d 893, 902 (7th Cir. 2007); Schertz v. Waupaca County, 875 F.2d 578, 581 (7th Cir. 1989). The existence of a conspiracy may also affect the scope of the evidence that could be considered because statements of co-conspirators may be admissible. United States v. Santiago, 582 F.2d 1128 (7th Cir. 1978) (overruled on other grounds, Bourjaily v. United States, 483 U.S. 171 (1987)). Finally, Plaintiff Priester alleges in Count II that the Defendants retaliated against him because he spoke out about the alleged statewide conspiracy. Evidence of the existence of a statewide conspiracy is relevant to the claimed significance of his speech and to the Defendants' alleged motivation to

retaliate against him. Under these circumstances, Judge Cudmore's decision to define the scope of discovery beyond IDOT was not clearly erroneous or contrary to law.

THEREFORE, The Plaintiffs' Appeal of Opinion of Magistrate Judge (d/e 176) and Third Party Office of the Governor of the State of Illinois' Appeal of Magistrate Judge's Order of June 12, 2008 (d/e 177) are both DENIED. The Opinion of United States Magistrate Judge Byron G. Cudmore entered June 12, 2008 (d/e 175) is AFFIRMED. This matter is referred to Judge Cudmore for setting deadlines for compliance with his Opinion.

IT IS THEREFORE SO ORDERED.

ENTER: September 9, 2008

    FOR THE COURT:

                                        s/ Jeanne E. Scott
                                        JEANNE E. SCOTT
                                    UNITED STATES DISTRICT JUDGE