IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| STEVE WHITLOW, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 04-CV-3211 |
| | ) | |
| TIMOTHY MARTIN, MICHAEL R. STOUT, and SCOTT DOUBET, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Pending before the Court are two motions that are intertwined to a degree. Pending is Plaintiffs' Motion for Extension of Time to Complete Discovery (d/e 186) and the various status reports concerning same.[1] Also pending is Defendants' Motion to Strike Supplemental Disclosures (d/e 187).[2]

Integral to any discussion of the above motions is Plaintiffs' ongoing discovery dispute with the Office of the Governor of the State of Illinois, a non-party herein, concerning various discovery requests. The Court has

---

[1] See d/e 192, 195, 196, and 199.

[2] See d/e 191, 194, and 197 relevant to this motion.

had many contacts with counsel on the discovery issues between Plaintiffs and the Office of the Governor, which led to the Court's Opinion entered June 12, 2008 (d/e 175).

Defendants' Motion to Strike (d/e 187) is intertwined to a degree based upon the fact that some of the supplemental disclosures of the Plaintiffs came after Plaintiffs' receipt of certain discovery from the Office of the Governor.

Focusing on Defendants' Motion to Strike (d/e 187), Defendants argue that Plaintiffs have simply been dilatory and are looking for a trial by ambush with these late disclosures. The Court does note and recognize that the supplemental Rule 26 disclosures which added nine additional names was filed on the close of fact discovery, September 15, 2008. The Court also notes that Plaintiffs' initial disclosures were filed December 10, 2004 (see d/e 187, pg 2). The Court also notes that defense counsel herein has been diligent in asking for supplementation (see Exhibit A to d/e 187). With all that said, the Court recognizes that Rule 26 is not to be construed in a vacuum. The Committee Comments direct that the discovery taken in the case must also be reviewed when the Court rules on Defendants' Motion to Strike.

Under Fed. R. Civ. P. 26(a)(1)(A), a party has a duty to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information." Under Fed. R. Civ. P. 26(e),

> A party who has made a disclosure under subdivision (a) . . . is under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the court or in the following circumstances:  (1) A party is under a duty to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

As the advisory committee notes to the 1993 Amendments to Rule 26 explain, subsection (e) was "revised to provide that the requirement for supplementation applies to all disclosures required by subdivisions (a)(1)-(3). . . . Supplementation need not be made as each new item of information is learned but should be made at appropriate intervals during the discovery period, and with special promptness as the trial date approaches." Significantly, the advisory committee notes provide as follows: "The obligation to supplement disclosures and discovery responses applies whenever a party learns that its prior disclosures or

responses are in some material respect incomplete or incorrect. There is, however, no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process, as when a witness not previously disclosed is identified during the taking of a deposition . . . ."

With these principles in mind, the Court turns to Plaintiffs' supplemental disclosures. From a review of Plaintiffs' response to Defendants' motion to strike (see d/e 191), Plaintiffs note the various ways in which all nine names subject to the motion to strike had previously been disclosed to Defendants during discovery. Therefore, a claim of surprise is inappropriate and Defendants' Motion to Strike (d/e 187) is denied.[3]

However, in order for a fair process, a 60-day period is granted to conduct discovery concerning these nine individuals. Defendants' depositions of these nine individuals are limited to four hours in duration. The Court does not strike the affidavits of Janell Hilgers, nor the affidavit of Leo Carroll, as requested by Defendants in motion (d/e 187). The denial is without prejudice to being renewed by Defendants after full discovery

---

[3]The Court is displeased with the timeliness of Plaintiffs' supplemental disclosures. The Court expects more diligence.

herein. Fact discovery is therefore extended from the date of this order through the date of December 29, 2008.

Focusing now on Plaintiffs' Motion for Extension of Time to Complete Discovery (d/e 186)[4], the Court allows the motion in the following respects: Fact discovery is extended to December 29, 2008. Plaintiffs can depose the witnesses listed by plaintiffs in d/e 200 during this extension so long as the plaintiffs do not exceed a total of fifteen depositions previously allowed. Said depositions limited to four hours in length. The court sees no reason to extend the time limitation. No new written discovery can be propounded by Plaintiffs during this extension without leave of Court.

From a review of documents (d/es 195, 196, 199), the Court is uncertain what additional relief Plaintiffs seek concerning the Office of the Governor and Plaintiffs' subpoena. The Office of the Governor says full compliance has been made with this Court's Order (d/e 175). Plaintiffs claim shortcomings in production. A formal hearing on this issue is set in open court on November 13, 2008 at 9:00 a.m. Plaintiffs carry the burden to show that additional responsive documents have not been produced.

---

[4]**The Court previously granted Plaintiffs the ability to take fifteen extra depositions beyond the ten allowed by rule on August 14, 2008.**

WHEREFORE, Plaintiffs' Motion for Extension of Time to Complete Discovery (d/e 186) is ALLOWED;  Defendants' Motion to Strike Supplemental Disclosures (d/e 187) is DENIED.   Fact discovery is extended from the date of this order through the date of December 29, 2008 with the limitations on fact discovery as noted herein.   Hearing set November 13, 2008 at 9:00 a.m. in open court on Plaintiffs' subpoena to the Office of the Governor.   The dispositive motion deadline is reset to January 23, 2009.  Final pretrial reset April 20, 2009 at 10:30 a.m. before U.S. District Judge Jeanne Scott.  Jury trial rescheduled April 21, 2009 at 9:00 a.m. before Judge Scott.

IT IS THEREFORE SO ORDERED.

ENTER:   October 28, 2008

       FOR THE COURT:

*s/ Byron G. Cudmore*

_____
BYRON G. CUDMORE
UNITED STATE MAGISTRATE JUDGE