IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| STEVE WHITLOW, et al., ) | |
| Plaintiffs, ) | |
| v. ) | No. 04-CV-3211 |
| TIMOTHY MARTIN, MICHAEL R. ) STOUT, and SCOTT DOUBET, ) | |
| Defendants. ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendants' Renewed Motion to Compel Complete Discovery Responses from Plaintiffs or in the Alternative, to Strike Allegations (d/e 247) (Renewed Motion to Compel). Plaintiffs are former employees of the Illinois Department of Transportation (IDOT). Defendants are IDOT officials. Plaintiffs allege that Defendants terminated Plaintiffs' employment as part of a state-wide scheme with the Office of former Illinois Governor Rod Blagojevich to terminate employees who were perceived to be political opponents of the Blagojevich administration and to create patronage employment opportunities for Blagojevich's political supporters. As part of discovery, Defendants served Plaintiffs with a Third Set of Interrogatories and a Third Request for

Production of Documents on February 19, 2009. In the Renewed Motion to Compel, Defendants seek an order compelling Plaintiffs to provide a full response to these proffered discovery requests. Alternatively, Defendants ask the Court to strike Plaintiffs' allegations of a common scheme set out in ¶¶ 18 and 19 of the Complaint (d/e 1). As set forth below, the Renewed Motion to Compel is allowed, in part, and denied, in part.

## Background

Plaintiffs' Complaint alleges in relevant part that a common scheme existed among Defendants, Governor Blagojevich, and other staff of the Office of the Governor to terminate the employment of State employees perceived to be political opponents of the Blagojevich administration and to create employment opportunities for Blagojevich's political supporters. Complaint, ¶ 18. Plaintiffs assert that their employment was terminated in furtherance of this scheme under the pretense of an agency material reorganization. Id., ¶ 19.

On February 19, 2009, Defendants served Plaintiffs with a Third Set of Interrogatories and a Third Request for Production of Documents. Due to the exchange of voluminous discovery from the Third Party Office of the Governor that was occurring at the time, Defendants advised Plaintiffs that

they could respond to the Third Set of Interrogatories and Third Request for Production of Documents on or before April 3, 2009.  Responses were served by U.S. Mail on April 3, 2009.  Corrected versions were provided on April 10, 2009.  According to Defendants, the responses which have been received from the Plaintiffs relating to Third Interrogatory No. 3 and Third Request for Production of Documents No. 3 are inadequate.  Additionally, Defendants assert that Plaintiffs Brad Jones, Catherine Kennedy, and Anthony Saputo failed to respond at all to the discovery requests.  <u>Renewed Motion to Compel</u>, ¶ 9.

    Defendants initially filed a Motion to Compel (d/e 239) relating to this discovery on April 10, 2009.  In a Text Order, dated May 6, 2009, the Court denied d/e 239 without prejudice after determining that the "meet and confer" requirement of Fed. R. Civ. P. 37(a)(1) had not been fulfilled.  The Court also extended the fact discovery deadline to October 1, 2009, but directed that all written discovery be concluded by September 1, 2009.  Defendants filed the Renewed Motion to Compel on June 2, 2009.  The record reveals that the parties have now satisfied the "meet and confer"

requirement.  <u>Renewed Motion to Compel</u>, ¶ 4 & Ex. B & C.  The matter is fully briefed and ripe for determination.

Analysis

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party. Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence.  Federal Rule of Civil Procedure 33 allows parties to serve interrogatories inquiring into any matter within the scope of Rule 26(b).  <u>Fed. R. Civ. P.</u> 33(a).  Similarly, Fed. R. Civ. P. 34 allows a party to serve requests for the production of documents that are within the scope of Rule 26.  <u>Fed. R. Civ. P.</u> 34(a).  A party may seek an order compelling disclosure when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. <u>Fed. R. Civ. P.</u> 37(a)(3)(B)(iii), (iv) & (a)(4).  The Court has broad discretion when reviewing a discovery dispute and "should independently determine the proper course of discovery based upon the arguments of the parties." <u>Gile v. United Airlines Inc.</u>, 95 F.3d 492, 496 (7th Cir.1996).  With these

principles in mind, the Court turns its attention to the contested discovery requests.

    A.  Plaintiffs Jones, Kennedy, and Saputo

As previously noted, Defendants assert that Plaintiffs Jones, Kennedy, and Saputo have not responded to the Third Set of Interrogatories and Third Request for Production of Documents. <u>Renewed Motion to Compel</u>, ¶ 9.  Defendants ask the Court to compel response or to strike the claims of these plaintiffs in their entirety.  Plaintiffs do not respond to Defendants' assertion in their Response to Defendants' Renewed Motion to Compel or to Strike Allegations (d/e 248) (Plaintiffs' Response). Therefore, the Renewed Motion to Compel is allowed with respect to Plaintiffs Jones, Kennedy, and Saputo.  Plaintiffs Jones, Kennedy, and Saputo are ordered to respond to the Third Set of Interrogatories and Third Request for Production of Documents on or before August 14, 2009. Defendants and Plaintiffs Jones, Kennedy, and Saputo are also directed to submit briefs on or before August 14, 2009, addressing the propriety of sanctions under Fed. R. Civ. P. 37(a)(5)(A) against these three plaintiffs. Because discovery is on-going, the Court does not deem it

appropriate to strike the claims of Plaintiffs Jones, Kennedy, and Saputo at this point.

B.  Plaintiff Lori Coonen

Defendants have provided the Court with copies of Plaintiff Coonen's responses to the Third Set of Interrogatories and Third Request for Production of Documents.  <u>Renewed Motion to Compel</u>, Ex. A.  The instant Motion pertains to Third Interrogatory No. 3 and Third Request for Production of Documents No. 3.  Third Interrogatory No. 3 relates to the allegations of a "common scheme" contained in ¶¶ 18-19 of the Complaint.  It seeks the following information:

> a.  The name and address of each person with knowledge or information regarding the facts alleged I [sic] those paragraphs and as to each person, state what knowledge he or he [sic] has;
>
> b.  Identify by bates number or otherwise each document produced in the case or otherwise available to you which allegedly supports those allegations;
>
> c.  State how each of the individual Defendants in this case was involved in the "common scheme";
>
> d.  State when each of the individual Defendants in the case became involved in the "common scheme";
>
> e.  State what other persons were involved in the "common scheme", and what actions they took to further or support the "common scheme", and

> f.  Describe any and all actions taken by each of the individual Defendants in the case which allegedly furthered or supported the "common scheme" and the dates on which those actions were taken.

Renewed Motion to Compel, Ex. A, p. 2.[1]  Coonen responded by stating a work product objection to the extent the interrogatory sought information on the analysis or advice of Plaintiffs' counsel.[2]  Coonen then purported to "answer the factual questions with as much of the factual information available . . . that is not covered by the attorney work-product doctrine or the attorney client privilege . . . ."  Id., p. 2-3.

Third Request for Production of Documents No. 3 asks Coonen to provide or identify by bates stamp number any and all documents which support the allegations in ¶¶ 18-19 of the Complaint of a "common scheme."  Renewed Motion to Compel, Ex. A, p. 11.  Coonen raised the same objection as she did to Third Interrogatory No. 3, even erroneously referring to the document request as an interrogatory.  Coonen again purported to "answer the factual questions with as much of the factual

---

[1] When citing to the exhibits, the Court will reference the exhibits by the page numbers assigned by the Court's electronic filing system.

[2] To the extent Coonen attempted to raise attorney-client privilege, she has abandoned that issue by failing to raise it in response to the Renewed Motion to Compel.  Additionally, there is no indication that she presented a privilege log as required under Fed. R. Civ. P. 26(b)(5).

information available . . . that is not covered by the attorney work-product doctrine or the attorney client privilege . . . ." Id., p. 11.  According to Coonen's response, "[a]ll of the documents that have been produced are related to the issues concerning the common scheme, especially including the documents produced by the Office of the Governor."  Id.

Defendants contend that Coonen's objections are inappropriate and that her responses are insufficient.  The Court turns first to Coonen's objections, upon which she has the burden of proof.  See McGrath v. Everest Nat. Ins. Co., 2008 WL 2518710, *10 (N.D. Ill. June 19, 2008).  According to Plaintiffs' Response, response to Third Interrogatory No. 3 and Third Request for Production of Documents No. 3 would require disclosure of attorney work product and would be oppressive and burdensome.

The Court is not persuaded that response to Third Interrogatory No. 3 and Third Request for Production of Documents No. 3 would require disclosure of attorney work product.  Plaintiffs cite Fed. R. Civ. P. 26(b) and Hickman v. Taylor, 329 U.S. 495 (1947), in support of their arguments.  Plaintiffs' reliance on Rule 26 is misplaced.  Rule 26(b) expressly applies only to tangibles, and Plaintiffs fail to identify any "documents and tangible

things . . . prepared in anticipation of litigation or for trial by or for another party or its representative" that would be implicated in responding to the challenged requests.  See Fed. R. Civ. P. 26(b)(3)(A).  As Plaintiffs correctly note,  Hickman and other common law developments also provide protection to  intangibles, including an attorney's mental impressions and opinions.  See Hickman, 329 U.S. at 511; Caremark, Inc. v. Affiliated Computer Services, Inc., 195 F.R.D. 610, 614 (N.D. Ill. 2000).  However, the opinion work product doctrine does not protect the facts underlying the relevant opinions.  See 7 James Wm. Moore et al., Moore's Federal Practice ¶ 33.62[2] (3d ed. 2009).   In the instant case, the challenged discovery requests seek no more than facts or the application of law to facts, not protected opinion work product.  Coonen's work product objection is overruled.

In response to the Renewed Motion to Compel, Plaintiffs assert that responding to the proffered discovery would be oppressive and burdensome.  As Defendants correctly point out, Coonen failed to raise this objection in a timely manner.  The uncontested record evidence reveals that Plaintiffs' discovery responses and any objections were due April 3, 2009.  See Fed. R. Civ. P. 29(b) (noting that the parties may stipulate that

procedures governing discovery be modified, absent inapplicable exceptions); Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). Rule 33 contains an express waiver provision with respect to interrogatories, directing that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). This Court, following other courts in this circuit, has interpreted Rule 34 governing document production as containing an implicit waiver provision to parallel Rule 33(b)(4). Davis v. City of Springfield, IL, 2009 WL 268893, *4 (C.D. Ill. Jan. 30, 2009) (collecting cases). Plaintiffs offer no explanation or justification for the failure to state this objection in a timely manner, and the Court's review of the record reveals none. Thus, Coonen has waived any objection based on an argument that the challenged requests are oppressive and burdensome.

However, the Court is under an obligation to sua sponte limit the extent of discovery upon determining that of any one of the following conditions exist:

> (I) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

>   (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).  Thus, the Court considers Third Interrogatory No. 3 and Third Request for Production of Documents No. 3 under this standard, despite Plaintiffs' waiver.

The Court finds nothing inappropriate in Third Interrogatory No. 3 subsections a, c, d, e, and f.  However, Third Interrogatory No. 3(b) and Third Request for Production of Documents No. 3 give the Court pause.  To the extent Third Interrogatory No. 3(b) asks Coonen to identify every document produced in the case which allegedly supports the allegation of a common scheme, the Court finds it to be unduly burdensome.  The record reveals that the Office of the Governor produced 160,000 pages of documents within the last several months.  While Plaintiffs focus their arguments on these documents, nothing in either Third Interrogatory No. 3 and Third Request for Production of Documents No. 3 limits the requests to information produced by the Office of the Governor.  Rather, the challenged requests seek any and all responsive information.  Undeniably,

discovery in the instant matter is voluminous. Defendants may reasonably ask Plaintiffs to identify the principal documents supporting their common scheme allegation. Defendants may also reasonably ask Plaintiffs to identify the categories of documents that support the common scheme allegation. To require Plaintiffs to provide further information with respect to documents that have already been produced would be unduly burdensome, given the large number of documents and the fact that they are already available to Defendants. To the extent Third Interrogatory No. 3(b) asks Coonen to identify documents that have not been produced but are otherwise available that allegedly support the common scheme allegation, the Court deems it reasonable. In doing so, the Court notes that Plaintiffs are already under a continuing obligation to identify documents of this type that they may use to support their claims generally under Fed. R. Civ. P. 26; thus, any additional burden is minimal. Moreover, the request is reasonably narrowed to one specific allegation and does not require Plaintiffs to match documents to each allegation of their Complaint. Thus, Coonen is required to respond to Third Interrogatory No. 3(b) as set forth above.

Third Request for Production of Documents No. 3 provides as follows:

> With regard to the allegation of "common scheme" in paragraphs 18 and 19 of your Complaint, please provide copies of any and all documents which you contend support your allegations, or in lieu thereof, provide the Bates numbers of such documents.

Renewed Motion to Compel, Ex. A, p. 11.  Under Fed. R. Civ. P. 34(a), a party may request production and inspection of designated documents within another party's possession, custody, or control.  For the most part, the Court finds Third Request for Production of Documents No. 3 to be unreasonably cumulative.  With respect to documents that have already been produced in discovery, it is unreasonable to require Plaintiffs to produce additional copies.  Additionally, Third Interrogatory No. 3(b), as narrowed by this Opinion, requires Plaintiffs to identify the principal documents and categories of documents already produced that support their common scheme allegation.  Thus, requiring Plaintiffs to again identify by Bates numbers documents already produced that support their common scheme allegation would be unreasonably duplicative and the Court will not compel compliance.  However, it is reasonable and not unduly burdensome to require Plaintiffs to produce, in a manner allowed under Rule 34, any

documents within their possession, custody, or control that have not already been produced which allegedly support the common scheme allegation. Therefore, the Motion to Compel is allowed only in part with respect to Third Request for Production of Documents No. 3.

The Court turns briefly to the responses Coonen provided despite her stated objections. The burden is on Defendants to explain how these discovery responses are inadequate. See Design Basics, Inc. v. Granite Ridge Builders, Inc., 2007 WL 1830809, *2 (N.D. Ind. June 21, 2007) (citing James Wm. Moore, 7 Moore's Federal Practice § 37.05[5] (3d ed.)). Clearly, given this Court's ruling on Coonen's objections, the responses are incomplete, in that Coonen must now produce information that was previously withheld due to objection. Furthermore, while Plaintiffs focus on the 160,000 pages of documents produced by the Office of the Governor, the challenged discovery requests are not limited to information contained within that group of documents.

Moreover, the partial responses that were previously tendered in response to Third Interrogatory No. 3 are facially deficient as follows. Third Interrogatory No. 3(a) sought information relating to persons with knowledge or information regarding the common scheme allegation.

Coonen failed to identify any such person, instead referring to other discovery in general terms. This is non-responsive. Third Interrogatory No. 3(b) asks Coonen to identify documents which allegedly support the common scheme allegation. Coonen responds that "[a]ll of the documents that have been produced are related to the issues concerning the common scheme, especially including the documents produced by the Office of the Governor." Renewed Motion to Compel, Ex. A, p. 4. It is inconceivable that every document produced in discovery supports the common scheme allegation. For example, the record indicates that financial documents of the Plaintiffs have been produced. Documents of this type would have no bearing on the common scheme issue. Additionally, the Court highly doubts that every document produced by the Office of the Governor supports the common scheme allegation. As set forth above, with respect to documents already produced, Coonen must identify the principal documents, as well as the categories of documents, that she believes support her common scheme allegation. Coonen must also identify documents that have not been produced but are otherwise available that allegedly support the common scheme allegation.

Third Interrogatory No. 3(c) asks Coonen to state how each of the individual Defendants in this case was involved in the common scheme. Coonen's response to Third Interrogatory No. 3(c) fails to mention Defendant Martin in any way. Coonen must state how Defendant Martin was involved in the common scheme or respond that he was not involved. Third Interrogatory No. 3(d) asks Coonen to state when each of the individual Defendants became involved in the common scheme. Coonen responds as follows: "See response to Interrogatory 3 c, above." Id., p. 6. This response is deficient as well because, as previously noted, the referenced material fails to address Defendant Martin. Coonen must state when Defendant Martin became involved in the common scheme or state that he was not involved. Third Interrogatory No. 3(d) asks Coonen to state what other persons were involved in the common scheme and what actions they took to further or support the common scheme. Coonen responds that she cannot answer this interrogatory "other than as identified in the documents that have been produced to plaintiffs and defendants." Id. This is insufficient. Coonen fails to specifically identify which other discovery documents contain the information requested. Third Interrogatory No. 3(f) asks Coonen to describe any and all actions taken by each of the individual

Defendants in the case which allegedly furthered or supported the common scheme and the dates on which those actions were taken.  Coonen's answer is non-responsive and again references the answer to Interrogatory 3(c), which, as previously explained, is facially incomplete because it fails to address Defendant Martin.

Therefore, the Renewed Motion to Compel is allowed, in part, and denied, in part, with respect to Plaintiff Coonen.  Coonen must produce information responsive to Third Interrogatory No. 3 and Third Request for Production of Documents No. 3 that was previously withheld due to her objections.  Coonen is ordered to respond fully to Third Interrogatory No. 3(a), (c), (d), (e), and (f) and to respond to Third Interrogatory No. 3(b) and Third Request for Production of Documents No. 3 as set forth above.  Supplemental responses must be served on or before August 14, 2009.  Plaintiffs briefly assert that the obligation to respond to the challenged discovery requests should be deferred until other discovery has been completed.  The Court disagrees.  In the instant case, substantial discovery has already taken place, and the end of fact discovery is rapidly approaching.  Coonen is directed to respond based on the information of which she is currently aware; however, Coonen should remain cognizant of

her obligations to supplement discovery under Fed. R. Civ. P. 26(e). Because Coonen raised timely objections to the proffered discovery, and given the fact that discovery is still open, the Court declines Defendants' request to strike allegations from the Complaint.

   C.  Additional Plaintiffs

According to the Renewed Motion to Compel, the responses received from Plaintiffs other than Lori Coonen are, with minor exceptions, identical to Coonen's responses.  Defendants proffer that a review of Coonen's responses, "will give the Court a good flavor of the 'responses' received to this discovery by all of the Plaintiffs."  Renewed Motion to Compel, ¶ 2.  To the extent that the additional Plaintiffs raised the same objections as Coonen, those objections are overruled for the reasons set forth above. The Court, however, declines to assess the sufficiency of responses that it has not seen, despite having a flavor for their content.  The Court urges the parties to apply the holdings set forth above relating to Plaintiff Coonen's responses universally in any subsequent meet and confer.  Because Defendants concede that the additional Plaintiffs raised  timely objections to the proffered discovery, the Court will allow them to supplement their responses, and, given the fact that discovery is still open, the Court

declines Defendants' request to strike allegations from the Complaint. Supplemental responses must be served on or before August 14, 2009, and the additional Plaintiffs should remain cognizant of the continuing obligation to supplement discovery under Fed. R. Civ. P. 26(e).

## Conclusion

THEREFORE, the Fourth Motion to Compel is ALLOWED, in part, and DENIED, in part, as set forth above. Plaintiffs Jones, Kennedy, and Saputo are ordered to respond to the Third Set of Interrogatories and Third Request for Production of Documents on or before August 14, 2009, and to submit briefs regarding the propriety of Fed. R. Civ. P. 37(a)(5)(A) sanctions on or before August 14, 2009. The objections raised by the Plaintiffs other than Jones, Kennedy, and Saputo are overruled. These Plaintiffs are directed to provide the discovery required under this order on or before August 14, 2009 and to supplement their responses when necessary under the Federal Rules.

IT IS THEREFORE SO ORDERED.

ENTER: July 22, 2009

    FOR THE COURT:

                                   *s/Byron G. Cudmore*
                                   BYRON G. CUDMORE
                                   UNITED STATES MAGISTRATE JUDGE