E-FILED
Thursday, 15 October, 2009  03:54:00 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

STEVE WHITLOW, et al.,      )
           )
      Plaintiffs,     )
           )
      v.       )   No. 04-CV-3211
           )
TIMOTHY MARTIN, MICHAEL R.    )
STOUT, and SCOTT DOUBET,    )
           )
      Defendants.   )

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Objections to Subpoena for Production of Documents (d/e 254) filed by non-party Gary Hannig, the current Secretary for the Illinois Department of Transportation (IDOT). Plaintiffs are former IDOT employees. Defendants are IDOT officials. Plaintiffs allege that Defendants terminated Plaintiffs' employment as part of a state-wide scheme with the Office of former Illinois Governor Rod Blagojevich to terminate employees who were perceived to be political opponents of the Blagojevich administration and to create patronage employment opportunities for Blagojevich's political supporters. As part of discovery, Plaintiffs served Hannig with a Subpoena to Produce

Documents in a Civil Action with a return date of August 18, 2009.  See
Respondent Gary Hannig's Reply to Plaintiffs' Response to Objections to
subpoena for Production of Documents (d/e 259), Ex. 2, Subpoena.
Hannig then filed the pending Objections.  As set forth below, Hannig's
Objections are sustained, in part, and overruled, in part.

Background

Plaintiffs' Complaint (d/e 1) alleges that a common scheme existed
among Defendants, Governor Blagojevich, and other staff of the Office of
the Governor to terminate the employment of State employees perceived to
be political opponents of the Blagojevich administration and to create
employment opportunities for Blagojevich's political supporters.  Complaint,
¶ 18.  Plaintiffs assert that their employment was terminated in furtherance
of this scheme under the pretense of an agency material reorganization.
Id., ¶ 19.

The Subpoena at issue here seeks "[a]ll documents relating to the
name, job description, job number, salary and sponsor (if any) of all new
employees, including part-time employees, added to the IDOT payroll" in
specific months from September 2003 through September 2004.
Subpoena, p. 4-5.  Additionally, it seeks documents relating to any salary

increase or promotion given to any previously-identified new employee through September 1, 2005, including the date of salary increase and promotion.  Id., p. 5.  Finally, Plaintiffs request "[d]ocuments relating to the name, description of services rendered, and payments due pursuant to contract for all contractual employees and personal services contract [sic] issued by IDOT for each month" from September 2003 through September 2004.  Id.

After Plaintiffs served Hannig with the Subpoena, Attorney Stephen Kaufmann entered his appearance on behalf of Hannig and filed the Objections, which challenge all of the Subpoena requests.  Kaufmann is also attorney of record for Defendants.  In a text order, dated August 19, 2009, this Court directed Plaintiffs to respond to the Objections and to also address the issue of Attorney Kaufmann's representation of the Defendants and Hannig.  Plaintiffs filed their Response to Objections to Subpoena for Production of Documents (d/e 256) (Response), and Hannig filed a court-ordered Reply to Plaintiffs' Response to Objections to Subpoena for Production of Documents (d/e 259) (Reply).  Hannig has also filed two corrected exhibits to his Reply, which the Court will consider, as well as a court-allowed supplement.  Notice of Filing Corrected Affidavit for Mark

Kinkade re 259 Reply (d/e 260); Notice of Filing of Executed Affidavit of Ken Martin re 259 Reply (d/e 262); Motion to Supplement Hannig's Reply to Plaintiffs' Response to Objections to Subpoena (d/e 263), Attachment 1 & Exs. A & B.  The matter is fully briefed and ripe for determination.

Analysis

A.  Multiple Representation

After Attorney Kaufmann entered his appearance on behalf of Hannig, the Court sua sponte requested briefing on the issue of the propriety of Attorney Kaufmann's representation of the Defendants and third-party Hannig.[1]  The briefing has been completed and the Court is satisfied that the multiple representation is not improper.  The record contains nothing to indicate that any actual conflict exists relating to Kaufmann's simultaneous representation of Hannig and the Defendants. Additionally, Kaufmann has presented the Court with signed waivers from Martin, Stout, Doubet, and Hannig, which demonstrate that Kaufmann has advised his clients of the multiple representation.  Reply, Attachment 1. Each man has waived any potential conflict of interest.  Id.

---

[1]Plaintiffs indicate that they wish to add Hannig as a defendant.  Response, p. 6. As Plaintiffs recognize, the proper way to do this is by motion.  See Fed. R. Civ. P. 7(b). Because no motion has been presented, the joinder of Hannig is not at issue before this Court and will not be addressed.

B.  Hannig's Objections

A party has a general right to subpoena any person to appear at a deposition or to produce documents for inspection and copying.  <u>Fed. R. Civ. P.</u> 45.  This right is not limitless, however.  First, courts have recognized an implicit requirement that a subpoena seek relevant information.  <u>See, e.g.</u>, <u>Borom v. Town of Merrillville</u>, 2009 WL 1617085, at *1 (N.D. Ind. June 08, 2009).  Furthermore, Fed. R. Civ. P. 45(c) provides several express protections for individuals subject to subpoena.  Under Fed. R. Civ. P. 45(c)(3)(A)(I) and (iv), upon timely motion, the issuing Court must quash or modify a subpoena that "fails to allow a reasonable time to comply" or "subjects a person to undue burden."  The Court has broad discretion when reviewing a discovery dispute and "should independently determine the proper course of discovery based upon the arguments of the parties."  <u>Gile v. United Airlines Inc.</u>, 95 F.3d 492, 496 (7th Cir.1996).  With these principles in mind, the Court turns its attention to Hannig's Objections.

1.  Timeliness of the Subpoena

In his Reply, Hannig argues that the Subpoena was untimely under the applicable scheduling orders in the instant case.  In an Opinion (d/e 201),

dated October 28, 2008, this Court extended fact discovery to December 29, 2008, but prohibited Plaintiffs from propounding new written discovery during this period without leave of Court.  See id., p. 5.  Hannig argues that the Court never subsequently lifted this restriction and, thus, only limited discovery was on-going after October 28, 2008.   According to Hannig, the Subpoena, issued without leave of Court, is, therefore, untimely.  Hannig, however, failed to raise this argument in his Objections; he raised it for the first time in his Reply, which was filed September 11, 2009.  Under Fed. R. Civ. P. 45(c)(2)(B), objections "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served."  Thus, Hannig waived timeliness as a basis for quashing the subpoena by failing to raise it in a timely objection.

> 2.  Requests No. 1 through 13

Requests No. 1 through 13 seek "[a]ll documents relating to the name, job description, job number, salary and sponsor (if any) of all new employees, including part-time employees, added to the IDOT payroll" for each month from September 2003 through September 2004. Subpoena, p. 4-5.  Hannig objects to these requests on the grounds that they (1) seek documents that are not reasonably likely to lead to the discovery of

admissible evidence, (2) seek private and confidential employment information of IDOT employees, (3) seek documents that can be obtained from other more convenient sources, (4) are overly broad and not reasonably limited in time, (5) are vague, (6) fail to allow a reasonable time for compliance, (7) seek documents not in IDOT's possession, custody, or control or not reasonably accessible, and (8) are unduly burdensome.

The Court turns first to the question of relevancy.  Unless limited by court order, the scope of discovery extends to "any nonprivileged matter that is relevant to any party's claim or defense . . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The scope of relevance has been extensively litigated in the instant case. As previously noted, Plaintiffs allege that the purported material reorganization at IDOT that resulted in the termination of their employment was mere pretense.  The record reveals that Plaintiffs were terminated on July 1, 2004.  Documents of the type requested in Subpoena Requests No. 1 through 13, regarding new hires at IDOT for the months immediately preceding and following the termination of Plaintiffs' employment would be relevant to Plaintiffs' allegation that the reorganization was pretextual.  The

requests reasonably extend to new IDOT employees statewide, given the

fact that the Plaintiffs were purportedly terminated due to a material

reorganization and workforce reduction in the agency as a whole.

Documents relating to sponsors of these new employees would be relevant

to the claim that Plaintiffs were terminated to create employment

opportunities for Blagojevich's political supporters.  Considering the record

as a whole, the Court finds that Requests No. 1 through 13 are reasonably

calculated to lead to the discovery of admissible evidence.  Thus, the

information sought meets the definition of relevance set out in Rule 26(b)(1).

Hannig asserts that Requests No. 1 through 13 should be quashed

because they seek private and confidential employment information of IDOT

employees.  Given the relevance of the information sought, the Court will not

preclude production based on these privacy concerns.  However, given the

sensitive nature of this type of information, the Court finds that good cause

exists for a protective order.  Therefore, the Court hereby orders that any

documents produced by Hannig shall not be used and/or disseminated

outside this litigation without leave of Court.  The parties are further

reminded that, under Fed. R. Civ. P. 5.2., the parties must redact certain

personal/financial information from any documents that are filed with the
Court.

Hannig asserts that Requests No. 1 through 13 should be quashed
because they seek documents that can be obtained from other more
convenient sources.  Hannig fails to identify the alternative sources, thus the
Court cannot assess their relative convenience.  It stands to reason,
however, that IDOT, as the employing agency, would be the most logical,
and most convenient, source of personnel information for IDOT employees.
This Objection is overruled.

Hannig asserts that Requests No. 1 through 13 are overly broad, not
reasonably limited in time, and vague.  The Court disagrees.  As set forth
above, the subpoena requests reasonably extend to employment information
for the entire agency statewide.  Additionally, Requests No. 1 through 13 are
limited to employees hired during the time period from September 2003
through September 2004.  Governor Blagojevich took office in January 2003
and the Plaintiffs were terminated in July 2004.  Thus, the information
requested is contemporaneous to the actions alleged in the Complaint.  The
Court finds that the requests are sufficiently limited in time and does not
believe that the requests should be limited to fiscal year 2005, which began

on July 1, 2004.  Additionally, Requests No. 1 through 13 are not unduly vague.  They request documents containing specifically identified information about employees hired by IDOT during a specifically identified period.

Hannig asserts that Requests No. 1 through 13 fail to allow a reasonable time for compliance.  The Subpoena's return date passed as the briefing on the Objections was on-going.  At the conclusion of this order, the Court will establish a new date for compliance and, in doing so, will consider all of the record evidence regarding a reasonable time line for disclosure.

According to Hannig, Requests No. 1 through 13 seek documents not in IDOT's possession, custody, or control.  Under Rule 45, the Subpoena is limited to documents within Hannig's possession, custody, or control.  Hannig is not required to produce documents that he does not have.

The remaining objections to Requests No. 1 through 13 are intertwined.  Hannig asserts that some of the documents requested are not reasonably accessible to him and that the requests are unduly burdensome.  Hannig's evidence reveals that IDOT records indicate that 2,117 employees were hired by IDOT state-wide between September 2003 and September 2004.  Reply, Ex. 8, p. 2, ¶ 4. According to Hannig, compliance with the

Subpoena with respect to hard copy documents would require review of time keeping, payroll, and pre-employment records, position descriptions, Rutan interviews, tuition and travel reimbursement records, and discipline records, as well as other documents.  Hannig has presented evidence that these documents are located at hundreds of different locations state-wide.  Id., ¶ 5. With respect to electronically stored data, Hannig presents evidence that a search of the current computer network would require a search of two Microsoft Exchange Servers and 200 to 300 file servers at the Central Management Services Data Center in Springfield and a search of eleven Microsoft Exchange Servers and approximately 50 file servers located at the Chicago office and in the nine District Offices throughout the state.  Notice of Filing Corrected Affidavit for Mark Kinkade re 259 Reply, Attachment 1, p. 2. The evidence further reveals that a search for responsive electronically stored documents would also necessitate obtaining and restoring back-up tapes for the exchange servers, the file servers, and IDOT employee electronic mailboxes.  Id., p. 3.  According to Hannig's evidence, this electronic data search would take over two years to accomplish and cost hundreds of thousands of dollars.  Id.

The Seventh Circuit has applied a relative hardship test in analyzing undue burden under Fed. R. Civ. P. 45(c)(3)(A)(iv), considering whether the burden of compliance with a subpoena would exceed the benefit of production of the material sought by it.  <u>Northwestern Memorial Hosp. v. Ashcroft</u>, 362 F. 3d 923, 927 & 933 (7th Cir. 2004).  Non-party status is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue.  <u>United States v. Amerigroup Ill., Inc.</u>, 2005 WL 3111972 at *4 (N. D. Ill. Oct. 21, 2005).  To determine whether a Rule 45 subpoena is unduly burdensome, a court may weigh a number of factors including "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are requested, and the burden imposed."  <u>Morrow v. Air Ride Technologies, Inc.</u>, 2006 WL 559288 at *2 (S.D. Ind. Mar. 6, 2006).  Additionally, a person responding to a subpoena "need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost."  <u>Fed. R. Civ. P.</u> 45(d)(1)(D). However, the Court may "order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C)."  <u>Id</u>.

After weighing the burden of compliance against benefit of production, the Court finds that Subpoena Requests No. 1 through 13 should be modified.  Requests No. 1 through 13 seek "[a]ll documents relating to the name, job description, job number, salary and sponsor (if any) of all new employees, including part-time employees, added to the IDOT payroll" during the specified time period.  <u>Subpoena</u>, p. 4-5.  Documents relating to the name, job description, job number, and salary of new employees are clearly relevant as discussed above; however, the burden of producing all such documents far outweighs the benefit of production.  Thus, the Court limits Requests No. 1 through 13 as follows: Hannig is directed to produce official personnel records documenting the name, job description, job number, and salary of the 2,117 IDOT employees hired from September 2003 through September 2004.  The Court finds that the relevance of such documents provides good cause for their production even if they are not readily accessible.  Additionally, documents relating to the sponsor, if any, of new employees are extremely relevant to Plaintiffs' allegation that they were terminated to create patronage opportunities for Blagojevich supporters.  Given the fact that documents of this type would be highly relevant, the Court directs Hannig to produce all such documents within his possession,

custody, or control.  Again, the relevance of such documents provides good cause for their production even if they are not readily accessible.

        3.  Request No. 14

Request No. 14 seeks documents relating to any salary increases or promotions given to any IDOT employee who were hired from September 2003 through September 2004, including the date of the salary increase or promotion, for the period through September 1, 2005.  Hannig objects to this request on the grounds that it (1) seeks documents that are not reasonably likely to lead to the discovery of admissible evidence, (2) seeks private and confidential employment information of IDOT employees, (3) seeks documents that can be obtained from other more convenient sources, (4) is overly broad, not reasonably limited in time, and ambiguous, (5) fails to allow a reasonable time for compliance, (6) seeks documents not in IDOT's possession, custody, or control or not reasonably accessible, and (7) is unduly burdensome.

Request No. 14 is reasonably calculated to lead to the discovery of admissible evidence.  Salary increases or promotions received by the newly-hired IDOT employees in, at most, the first two years of employment, are relevant to Plaintiffs' allegation that the reorganization that formed the basis

for their termination was pretextual.  Thus, the information sought meets the definition of relevance set out in Rule 26(b)(1).  Additionally, given the relevance of the information sought, the Court will not preclude production based on privacy concerns relating to personal financial information.  The Court has issued a protective order which will minimize these concerns.  Again, Hannig fails to identify the allegedly more convenient alternative sources for this information, and as the employing agency, IDOT is a logical source of this personnel information.

Hannig asserts that Request No. 14 is overly broad, not reasonably limited in time, and ambiguous.  The Court disagrees.  The request seeks only documentation of salary increases and promotions for the 2,117 employees who were hired in close proximity to Plaintiffs' termination.  The request is reasonably limited to increases/promotions that occurred within a short period after hiring.  The request is not ambiguous, it seeks documents relating to salary increases or promotions of the previously identified new hires.

As previously noted, the Court will establish a new date for compliance and, in doing so, will consider all of the record evidence regarding a reasonable time line for disclosure.  Additionally, under Rule 45, Hannig is

not required to produce documents that are not in his possession, custody, or control.

The Court turns next to Hannig's assertion that Request No. 14 seeks documents that are not reasonably accessible and is unduly burdensome. Weighing the burden of compliance against benefit of production, the Court finds that Subpoena Request No. 14 should be modified as follows: Hannig is directed to produce official personnel records documenting salary increases and/or promotions given to IDOT employees hired from September 2003 through September 2004 from the time of hire through September 1, 2005. The Court finds that the relevance of such documents provides good cause for their production even if they are not readily accessible.

4. Request No. 15

Request No. 15 seeks "[d]ocuments relating to the name, description of services rendered, and payments due pursuant to contract for all contractual employees and personal services contract [sic] issued by IDOT for each month" from September 2003 through September 2004. Subpoena, p. 5. The Court adopts the analysis in subsections 2 and 4 above, with respect to Hannig's general objections to this request and turns its attention

to Hannig's specific objections.  Specifically, Hannig asserts that Request

No. 15 is unduly burdensome and overbroad because is seeks documents

related to all contractual employees and personal services contracts without

limitation regarding how the contracts relate to the instant litigation.  The

record evidence reveals that it would take approximately twenty man hours

to produce hard-copy documents responsive to Request No. 15.  <u>Notice of</u>

<u>Filing of Executed Affidavit of Ken Martin re 259 Reply</u>, Attachment 1, p. 2,

¶ 4.  Hannig fails to establish that response to Request No. 15 would require

production or analysis of electronically stored information that is not readily

accessible because of undue burden or cost.  Documents of the type sought

in Request No. 15 are relevant to Plaintiffs' allegation that the IDOT

reorganization was pretextual.  Weighing the documented burden of

compliance against benefit of production, the Court finds Request No. 15 to

be reasonable as stated.  Hannig's Objections to it are overruled.

Conclusion

THEREFORE, as set forth above, Gary Hannig's Objections to

Subpoena for Production of Documents (d/e 254) are SUSTAINED, in part,

and OVERRULED, in part.  Hannig is directed to provide the discovery

required under this order on or before November 15, 2009.  For good cause

shown, the Court orders that all documents produced by Hannig shall not be used and/or disseminated outside this litigation without leave of Court.  In addition, in the event that any documents received from Hannig are filed with the Court, the parties must redact personal/financial information consistent with Fed. R. Civ. P. 5.2.

IT IS THEREFORE SO ORDERED.

ENTER:   October 15, 2009

      FOR THE COURT:

                                  *s/ Byron G. Cudmore*

                            _____

                                BYRON G. CUDMORE
                            UNITED STATE MAGISTRATE JUDGE